# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| JOSEPH ALTRONE JOHNSON, )<br>)<br>Movant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. CV416-228<br>CR414-346 |

## REPORT AND RECOMMENDATION

Having been sentenced to 120 months' imprisonment after pleading guilty to possessing a firearm with an obliterated serial number, and possessing a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c), Joseph Johnson moves under 28 U.S.C. § 2255 for resentencing. Doc. 46.[1] He argues that (1) the sentencing judge erred in imposing the obliteration sentence, (2) the government breached the plea agreement by not requesting a sentence at the low end of the Sentencing Guidelines range for the obliteration charge, and (3) dismissal of counts one and two of his indictment -- which were drug

---

[1] All citations are to the criminal docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

offenses -- eliminated them as viable predicates for his possession in furtherance conviction. *Id.* at 4-5. Preliminary review under Rule 4 of the Rules Governing Section 2255 Cases shows that his motion must be denied.

Johnson had one year from the date his conviction became final to file a § 2255 motion. 28 U.S.C. § 2255(f)(1).[2] He appealed, which temporarily delayed finality. *See Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002) (convictions are not final for § 2255 statute of limitations purposes while a direct appeal is pending) (citing *Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6 (1987)). Normally, defendants pursue their appeals once commenced, so § 2255(f)'s one-year clock typically starts when, following an unsuccessful appeal to the circuit court, the 90-day *certiorari* petition filing period expires. *See Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").

---

[2] Other events may occur after finality attaches that can trigger the one-year clock. *See* 28 U.S.C. § 2255(f)(2)-(4). None of those situations exists here.

In this case, the Eleventh Circuit granted Johnson's motion for voluntary dismissal of his appeal on May 19, 2015. Doc. 39. If his conviction became final that day, he had until May 19, 2016 to file the present motion, which he signature-filed on August 14, 2016. Doc. 46 at 13. If, however, Johnson retained the ability to seek *cert* after dismissing his own appeal, finality would not attach until August 19, 2016, in which case the present motion is timely.

Courts differ on whether defendants who voluntarily dismiss their direct appeals may petition for *cert* and thus whether finality attaches the day the appeal is dismissed or 90 days thereafter. Some say the day of dismissal. *See Gomez v. United States*, 2010 WL 1609412 at * 2 (E.D. Tenn. April 20, 2010).[3] Others, including this Court at one point, have reached the opposite conclusion. *See McGee v. United States*, 2013 WL

---

[3] "'As a general matter, a conviction becomes final for purposes of collateral attack at the conclusion of direct review.' *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002). However, when a voluntary dismissal of the appeal is granted, a judgment of conviction becomes final on that date. *See Robinson v. United States*, 2009 WL 3048459, at *2 (E.D. Tenn. Sept.17, 2009) (finding the judgment of conviction became final on the date the direct appeal was dismissed pursuant to a request for voluntary dismissal); *United States v. Sylvester*, 2006 WL 695796, at *3 (M.D. Pa. Mar.17, 2006) (concluding a voluntary dismissal makes a writ of certiorari unavailable and renders a conviction final upon dismissal)." *Gomez*, 2010 WL 1609412 at * 2.

3096825 at * 5-6 (S.D. Ga. June 18, 2013).[4]

Regardless of his motion's timeliness issues, all of Johnson's claims are procedurally defaulted and fail on their merits. As noted above,

---

[4] "'The Eleventh Circuit . . . has not addressed the issue of when a conviction becomes final after a direct appeal is voluntarily dismissed.' *Manders v. United States*, 6:10–CV–1329–ORL–31, 2012 WL 72737, at *1 (M.D. Fla. Jan.10, 2012). Moreover, there is no consensus among courts within or outside the Eleventh Circuit which have addressed the issue. What becomes apparent from reviewing these cases, however, is that the inquiry ultimately turns on the related issue of whether a defendant who voluntarily dismisses his appeal is legally permitted to seek certiorari review from the Supreme Court. *Compare Latham v. United States*, 527 F.3d 651, 651–52 (7th Cir. 2008) (Easterbrook, C.J.) (noting that petitioner who voluntarily dismissed his appeal was 'entitled to ask the Supreme Court to review [the Court of Appeals's] judgment by writ of certiorari,' and date conviction became final was thus after 90–day period for seeking certiorari expired) *with Westmoreland v. Hetzell*, 840 F. Supp. 2d 1275, 1279 (N.D. Ala. 2011) (concluding that § 2254 petitioner who voluntarily dismissed his appeal with the Alabama Court of Criminal Appeals "waived any basis for seeking review by the Supreme Court" and that conviction became final on date appeal was voluntarily dismissed).

* * *

With this authority in mind, the Court concludes here that Petitioner's judgment of conviction did not become final until the 90–day period for filing a petition for writ of certiorari expired. In reaching this conclusion, the Court agrees with the reasoning in *Latham* that, under 28 U.S.C. § 1254, where a defendant voluntarily dismisses his appeal in a federal Court of Appeals, he is still 'entitled to ask the Supreme Court to review [that] judgment by writ of certiorari[.]' 527 F.3d at 653: *see also United States v. Parker*, 416 F. App'x 132, 132 (3d Cir. 2011) (citing *Latham* and agreeing with government that 'there is no known precedent for the proposition that a criminal defendant who seeks voluntary dismissal of an appeal is foreclosed from filing a petition for certiorari challenging the dismissal').

*McGee*, 2013 WL 3096825 at * 4-5.

Johnson appealed but voluntarily dismissed that proceeding before the Eleventh Circuit ever addressed his issues presented. Doc. 39. In doing so, he effectively never appealed. And "[a] § 2255 motion, it must be remembered, may not be used as a 'surrogate' for a missed direct appeal." *Jones v. United States*, 2015 WL 464243 at * 1 (S.D. Ga. Jan. 28, 2015) (citing *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004)); *see Stone v. Powell*, 428 U.S. 465, 478 n. 10 (1976) (28 U.S.C. § 2255 will not be allowed to do service for an appeal). "Under the procedural default rule, a defendant generally must advance an available challenge[5] to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) (footnote added).

A procedural default may be overcome if the movant can show "cause excusing his failure to raise the issue previously and prejudice

---

[5] All of Johnson's claims were available on direct appeal unlike, say, an ineffective assistance of counsel claim (which he does not assert). *See United States v. Verbitskaya*, 406 F.3d 1324, 1337 (11th Cir. 2005) ("Except in the rare instance when the record is sufficiently developed, we will not address claims for ineffective assistance on direct appeal.").

from the alleged error." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000). Johnson, however, makes no cause or prejudice showing. His failure to raise his claims on direct appeal thus bars them from consideration in this case.

Ignoring that impossible-to-ignore bar, Johnson's § 2255 motion nevertheless fails on the merits. First, he raised both of his serial number obliteration claims in a previous motion to reduce sentence under 18 U.S.C. § 3582(c) (doc. 40) that this Court denied. Doc. 42. He makes no new arguments in the present motion, nor identifies any newly discovered, relevant, facts. The Court sees no reason to disturb its previous decision,[6] so Johnson's obliteration claims must fail.

His § 924(c) claim likewise falters. That provision provides for a five year mandatory minimum sentence, to be served consecutively to

---

[6] By raising the same issues a second time, Johnson in effect has moved for reconsideration of the Court's previous denial. But "[m]otions for reconsideration should not be used to relitigate issues which have already been found lacking." *Armbuster v. Rosenbloom*, 2016 WL 1441467 at * 1 (S.D. Ga. Apr. 11, 2016); *see also Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) ("[A party] cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.").. Instead, reconsideration is proper only if there is "(1) an intervening change in controlling law; (2) the availability of new evidence; [or] (3) the need to correct clear error or prevent manifest injustice." *Armbuster*, 2016 WL 1441467 at * 1. None of those exist here.

any other term of imprisonment, for those convicted of possessing a firearm in furtherance of a drug trafficking offense. 18 U.S.C. § 924(c)(1)(A). Johnson insists that his drug offense predicates (counts one and two of his indictment, *see* doc. 1-2) no longer count because he was never charged and convicted of those crimes (the Government dropped those charges as part of his plea agreement). Doc. 46 at 4.

But nothing in § 924(c) requires that defendants be convicted of predicate drug offenses, only that the crime be "any felony punishable under the Controlled Substance Act." 18 U.S.C. § 924(c)(2). Put differently, conviction for a predicate is not required for conviction under 924(c). *See United States v. Frye*, 402 F.3d 1123, 1127 (11th Cir. 2005) ("[C]onviction under section 924(c) does not require either that the defendant be convicted of or charged with the predicate offense."); *see also Young v. United States*, 124 F.3d 794, 800 (7th Cir. 1997) ("Section 924(c) is similar in concept, requiring proof of a predicate offense without requiring the conviction for that offense."); *United States v. Hill*, 971 F.2d 1461, 1464 (10th Cir. 1992) ("While proof of the underlying crime is necessary to convict under § 924(c), a defendant need not be convicted of

the underlying crime in order to be convicted of § 924(c). A defendant need not even be charged with the underlying crime. . . .") (citations omitted); *Smith v. United States*, 2015 WL 3604229 at * 5 (N.D. Ga. June 8, 2015) (recommending denial of movant's § 2255 motion because he pled guilty to a § 924(c) offense and admitted at his plea hearing the essential facts necessary to show he committed a crime of violence predicate).

In Johnson's plea agreement, he admitted to possessing with intent to distribute a controlled substance. Doc. 29 at 2. He then admitted the essential elements of a § 924(c) offense -- which, of course, include a drug trafficking offense predicate -- at his plea hearing. Doc. 30. The Court found his admissions acceptable and accepted his plea. *Id.* That's more than enough proof of a predicate to support his § 924(c) conviction. *See Smith*, 2015 WL 3604229 at * 5. His § 924(c) claim thus fails.

Accordingly, Joseph Altrone Johnson's § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the

litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

**SO REPORTED AND RECOMMENDED,** this  22nd  day of August, 2016.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA